**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 09-4199MP-001 PCT MEA |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| LEON HENRY KEYES, III, | ) | |
| | ) | |
| Defendant. | ) | |

On June 8, 2009, Defendant was charged, *inter alia*, with violating 36 C.F.R. § 4.22(b)(1), unsafe operation of a motor vehicle. On October 8, 2009, Defendant filed a pretrial motion to dismiss the citation asserting this section of the Code of Federal Regulations violates his right to due process as provided by the Fifth Amendment to the United States Constitution. Defendant, in what is apparently an issue of first impression, argues his prosecution pursuant to this section of the Code of Federal Regulations violates his right to due process of law because it is unconstitutionally vague. Defendant requests oral argument regarding the motion to dismiss. The Court concludes the motion may be decided without the aid of oral argument.

**Background**

The government alleges the following: On June 7, 2009, at approximately 7:43 p.m., two National Park Service ("NPS") rangers observed a brown Ford vehicle traveling southbound on a road within the Lake Mead National Recreation Area. The vehicle was pulling a boat on a trailer and the vehicle was following a white SUV very closely. The rangers saw the brown Ford cross the center line into the northbound lane in an area marked as a no passing zone.

The rangers turned around to follow the brown Ford and observed the vehicle riding the "fog" line for approximately 1/4 of a mile. Now traveling behind the brown Ford, the rangers activated their emergency lights and siren as they approached a roadside pullout. The Ford did not move into the pullout, but instead turned onto a county road and stopped at the next roadside pullout on the county road.

After exiting their patrol vehicle and approaching Defendant in the Ford vehicle, the Rangers noted Defendant had a strong odor of an alcoholic beverage on his breath and that his eyes were bloodshot and glassy. Defendant told the rangers that he had consumed two or three beers between 10:00 a.m. and 6:00 p.m. that day. The rangers administered a Field Sobriety Test. Defendant exhibited indications that he was intoxicated. A ranger administered a Portable Breath Test to Defendant. The reading indicated a blood alcohol content (BAC) of .143. Defendant subsequently registered a .123 and .124 BAC when tested using an Intoxilyzer 8000.

Defendant was placed under arrest and given the Miranda warnings. Defendant was cited for unsafe operation of a motor vehicle in violation of 36 C.F.R. § 4.22(b)(1). He was also cited for operating a motor vehicle under the influence of alcohol and operating a motor vehicle under the influence of alcohol with a BAC over .08.

**Analysis**

Federal Rule of Criminal Procedure 12(b)(2) provides "[a] party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial of the general issue." Fed. R. Crim. P. 12(b)(2) (2009). A charge in a complaint may be dismissed if it is subject to a defense that may be decided solely on issues of law. Cf. United States v. Poulin, 588 F. Supp. 2d 58, 61 (D. Me. 2008); United States v. Labs of Virginia, Inc., 272 F. Supp. 2d 764, 768 (N.D. Ill. 2003) (in the context of a motion to dismiss an indictment). For the purpose of Defendant's pretrial motion to dismiss, the Court accepts the government's representations as true. See, e.g., United States v. Fiander, 547 F.3d 1036, 1042 n.3 (9th Cir. 2008); United States v. Bohonus, 628 F.2d 1167, 1169 n.2 (9th Cir. 1980). A regulation or statute "must be construed, if fairly possible, so as to avoid not only the conclusion that it is unconstitutional but also grave doubts upon that score." United States v. Kilbride, 584 F.3d 1240, 1254 (9th Cir. 2009).

The Code of Federal Regulations, 36 C.F.R. § 4.2, provides:

> State law applicable. (a) Unless specifically addressed by regulations in this chapter, traffic and the use of vehicles within a park area are governed by State law. State law that is now or may later be in effect is adopted and made a part of the regulations in this part. (b) Violating a provision of State law is prohibited.

The section of the Code of Federal Regulations relevant to this matter states:

> 4.22 Unsafe operation.
> (a) The elements of this section constitute offenses that are less serious than reckless driving. The offense of reckless driving is defined by State law and violations are prosecuted pursuant to the provisions of section 4.2 of this chapter.
> (b) The following are prohibited:
> (1) Operating a motor vehicle *without due care* or at a speed greater than that which is reasonable and prudent considering wildlife, traffic, weather, road and light conditions and road character.
> (2) Operating a motor vehicle in a manner which unnecessarily causes its tires to squeal, skid or break free of the road surface.
> (3) Failing to maintain that degree of control of a motor vehicle necessary to avoid danger to persons, property or wildlife.
> (4) Operating a motor vehicle while allowing a person to ride:
> (i) On or within any vehicle, trailer or other mode of conveyance towed behind the motor vehicle unless specifically designed for carrying passengers while being towed; or
> (ii) On any exterior portion of the motor vehicle not designed or intended for the use of a passenger. This restriction does not apply to a person seated on the floor of a truck bed equipped with sides, unless prohibited by State law.

Defendant maintains that subsection (b)(1) is unconstitutionally vague as it was applied to him on June 7, 2009. "A statute can be impermissibly vague for either of two

-4-

independent reasons. First, if it fails to provide people of ordinary intelligence a reasonable opportunity to understand what conduct it prohibits. Second, if it authorizes or even encourages arbitrary and discriminatory enforcement." United States v. Coutchavlis, 260 F.3d 1149, 1155 (9th Cir. 2001), quoting Hill v. Colorado, 530 U.S. 703, 732, 120 S. Ct. 2480, 2498 (2000). See also United States v. Rodriguez, 360 F.3d 949, 953 (9th Cir. 2004). The Court must determine whether the regulation is impermissibly vague in the circumstances of this case, rather than whether the regulation is facially unconstitutionally vague. United States v. Dang, 488 F.3d 1135, 1141 (9th Cir. 2007); United States v. Naghani, 361 F.3d 1255, 1259-60 (9th Cir. 2004); United States v. Purdy, 264 F.3d 809, 811 (9th Cir. 2001); United States v. Marquardo, 149 F.3d 36, 41-42 (1st Cir. 1998) ("Because no First Amendment concerns are implicated ... the vagueness challenge is limited by the framework of the specific facts in the record of the case.") . Cf. Posters 'N' Things, Ltd. v. United States, 511 U.S. 513, 515, 526, 114 S. Ct. 1747, 1749 (1994) (holding anti-drug paraphernalia statute was not unconstitutionally vague as applied to defendant's case when defendant sold items such as "bongs" and scales).

When determining whether a regulation is void for vagueness, the Court must "determine whether a person of average intelligence would reasonably understand that the charged conduct is proscribed." United States v. Williams, 441 F.3d 716, 724 (9th Cir. 2006).

> A statute is void for vagueness if its prohibitions are not clearly defined, because people of ordinary intelligence ought to be able to know what is prohibited, and laws must provide explicit standards for those who apply them to avoid arbitrary and discriminatory enforcement by police, judges and juries. ... [W]e need only examine the vagueness challenge under the facts of the particular case and decide whether, under a reasonable construction of the statute, the conduct in question is prohibited.

Naghani, 361 F.3d at 1259-60 (internal citations and quotations omitted).

Should the regulation withstand the first part of the analysis, the Court must then consider whether the challenged law "necessarily entrusts lawmaking to the moment-to-moment judgment of the policeman on his beat." City of Chicago v. Morales, 527 U.S. 41, 60, 119 S. Ct. 1849, 1860 (1999). See also United States v. Regan, 93 F. Supp. 2d 82, 86-89 (D. Mass. 2000).

Defendant contends:

> By the text of 36 C.F.R. § 4.22, a violation of 36 C.F.R. § 4.22(b)(1) is something less than reckless driving. So, without due care is something less than driving with "reckless disregard for the safety of persons or property." A.R.S. § 28-693(A). If that does not seem vague, it is hard to imagine what is.
> This nebulous, vague standard of "without due care" can't help but authorize or even encourage arbitrary and discriminatory enforcement. Without due care but not in violation of the other provisions of the code of federal regulations and not in violation of the Arizona traffic laws can be any driving, while otherwise not illegal, that any particular law enforcement officer does not like.

-6-

The government responds that:

> the regulation simply makes clear that the prohibited conduct does not rise to the level of reckless driving. 36 C.F.R. § 4.22. That is, no specific mental state – such as wilful and wanton (reckless) – is required to be found guilty of an offense of operation of a motor vehicle without due care.

The citation states that the ranger observed the vehicle driven by Defendant "come within less than a cars length of [a] white SUV and swerve left of the solid double yellow dividing the opposing lane before the operator of the vehicle brought it into the appropriate lane." The government contends Defendant's "implicit argument that he did not know that his conduct of crossing the solid yellow dividing line and following too closely is simply without merit."

A reasonable construction of the regulation provides that the conduct exhibited by Defendant was clearly prohibited. Crossing the center of a roadway in a no-passing zone into the lane containing or potentially containing on-coming traffic is plainly unsafe operation of a vehicle. Following another vehicle too closely to provide for a safe stopping distance is plainly unsafe operation of a vehicle. Although a close issue, the language of the regulation does not fail to provide any objective limitations on law enforcement officials charged with enforcing the regulation.

The Court can find no published opinion of a federal court on point. The state courts that have considered the issue have concluded that statutes prohibiting the unsafe operation of a motor vehicle, in language similar or identical to that of

section 4.22(b), are not unconstitutionally vague. See, e.g., Illinois v. Wawczak, 486 N.E. 2d 911, 913-14 (Ill. 1985); Nebraska v. Mattan, 300 N.W. 2d 810, 813 (Neb. 1981); Pratt v. Melton, 72 A.D. 2d 887, 888 (N.Y. 1979). Similar to the "due care" state statutes, section 4.22(b)(1) is essentially a regulation prohibiting negligent driving, i.e., driving without "due care." As stated by the court in Wawczak, negligence is a concept "so embedded in our jurisprudence that citation is hardly necessary" to define it. 486 N.E. 2d at 914. The Court is persuaded by the reasoning of the Illinois and Nebraska Supreme Courts and the New York Court of Appeals.

Accordingly,

**IT IS ORDERED that** Defendant's motion to dismiss citation No. 1477866, arguing that the charge thus presented is unconstitutionally vague, is **denied**

DATED this 4th day of December, 2009.

_____
Mark E. Aspey
United States Magistrate Judge